# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1507

_____

Gregory Houston Holt, also known as Abdul Maalik Muhammad

*Plaintiff - Appellant*

v.

Dexter Payne, in his official capacity only as the Director of the Division of Correction within the Arkansas Department of Corrections; James Shipman, Warden of the Tucker Maximum Security Unit, in his official and individual capacity

*Defendants - Appellees*

Muhammad Ameen, Chaplain employed by the Arkansas Department of Corrections, in his official and individual capacity; William Straughn, Chaplain employed by the Arkansas Department of Corrections, in his official and individual capacity

*Defendant*s

------------------------------

First Liberty Institute; Religious Freedom Institute

*Amici on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 15, 2026
Filed: March 27, 2026

_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Inmate Gregory Holt brought this lawsuit against certain prison officials employed by the Arkansas Department of Corrections (the "Department"). He sought declaratory and injunctive relief and monetary damages on the grounds that they substantially burdened his religious exercise by allegedly providing insufficient food and drink in the post-sunset and predawn meals served during Ramadan. The district court[1] granted the prison officials' motion for summary judgment, and Holt appeals. We affirm.

## I.    BACKGROUND

Holt, also known as Abdul Maalik Muhammad, is a Muslim housed at the Tucker Maximum Security Unit (the "Unit") within the Department. The two prison officials subject to this appeal are Dexter Payne, Director of the Department's Division of Corrections, and James Shipman, Warden of the Unit.

As a Muslim, Holt sincerely believes that he must fast every day, from dawn to sunset, during the month of Ramadan. To prepare for this daily fast, Holt sincerely believes that he must eat enough after sunset and before dawn so that his mind and body are prepared for each fast. During Ramadan, Holt forgoes the lunch provided by the Department because it is served during daylight hours.

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, now deceased, adopting the report and recommendations of the Honorable Edie R. Ervin, United States Magistrate Judge for the Eastern District of Arkansas.

In 2021 and 2022, the Department served fasting Muslims a "double-portion"[2] dinner after sunset and a standard portion breakfast before dawn during Ramadan. In 2023, Shipman terminated the practice of serving a double-portion dinner and fasting Muslims received the standard portion dinner. The parties disagree about the reason for the change in policy, but the reason is immaterial to resolution of this appeal. The dinner continued to be served after sunset, and the Department continued to serve a standard portion breakfast before dawn to fasting Muslims. The post-sunset and predawn meals served during Ramadan in 2023 and 2024 provided at least 2,000 calories per day.

Throughout the year, Holt regularly forgoes the breakfasts because he does not like "to get out so early," and he does not like the breakfast options served. During Ramadan 2023, Holt skipped the Department's predawn breakfast "a good amount" of the month, and during Ramadan 2024, he did not eat the Department's predawn breakfast about "half the time."

To accommodate his preferences regarding when and what he ate, Holt stocked up on food items from the commissary before Ramadan each year. During Ramadan, Holt ate commissary food as his breakfast and to supplement his diet when he chose to. Holt acknowledged that it was "relatively easy" for him to acquire commissary food.

Holt filed suit in 2024 challenging the change in policy from a double-portion dinner to a standard portion dinner during Ramadan. Holt claimed that the policy change violated the Eighth Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The court granted the prison officials' motion for summary judgment on both claims.

---

[2]The term "double-portion" did not mean two portions of every item served as the standard dinner. Depending on what was available, the term referred to adding to the standard dinner: (1) the lunch main course, (2) a half portion of the dinner entrée, or (3) the side courses.

## II.    DISCUSSION

We review the grant of summary judgment *de novo* while viewing the evidence in the light most favorable to the non-moving party.  Mbonyunkiza v. Beasley, 956 F.3d 1048, 1050 (8th Cir. 2020).  Holt appeals only the grant of summary judgment on his RLUIPA claim.

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . ." 42 U.S.C. § 2000cc-1(a).  The plaintiff bears the initial burden of proving that a prison policy "implicates his religious exercise" and that the policy's burden on his religious exercise is substantial.  Ramirez v. Collier, 595 U.S. 411, 425 (2022) (quoting Holt v. Hobbs, 574 U.S. 352, 360, 361 (2015)).  If the plaintiff meets this initial burden, then the burden shifts to the prison to demonstrate that the policy "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  § 2000cc-1(a).

RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  § 2000cc-5(7)(A).  "[O]f course, a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation."  Holt, 574 U.S. at 360-61.

In this case, the religious exercise is fasting from dawn to sunset during Ramadan.  Holt does not dispute that the Department permits him to engage in this religious exercise.  Cf. Ramirez, 595 U.S. at 418, 426 (denying access to pastor is a substantial burden).  Instead, Holt asserts that the Department inhibits his ability to consume enough food and drink after sunset and before dawn to allow his mind and body to maintain the day's fast.

> To constitute a substantial burden on religious exercise, the policy must
> significantly inhibit or constrain conduct or expression that manifests

-4-

some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

Mbonyunkiza, 956 F.3d at 1053 (citations omitted).

Holt frames the amount of food required to maintain his fast in terms of calories. He asserts that the Department must provide him with 3,000 calories per day during Ramadan. This figure does not come from a sincerely held belief; it is based on the standard daily meal plan provided by the Department. The only evidence in the record regarding the source of the 3,000 calories goal was that a registered dietician based it off the complete prison population in the Unit, which included accounting for sex and the range in ages and weights. The dietician also testified that providing at least 2,000 calories to fasting Muslims during Ramadan is adequate nutrition for males.

Because Holt regularly forgoes the Department breakfast throughout the year, he is routinely receiving less than 3,000 calories outside of Ramadan. The Ramadan meals in 2021 and 2022, which Holt did not object to, were also less than 3,000 calories. When he chooses not to eat the Department breakfast during Ramadan, he eats commissary food. As Holt admits, he can easily acquire commissary food for his breakfasts during Ramadan.

Holt claims he experienced hunger, dizziness, and headaches from lack of adequate nutrition during Ramadan in 2023 and 2024. Again, Holt refused to eat the provided breakfast most of the time during Ramadan in 2023 and 2024. Holt did not request medical care and provided no objective evidence to corroborate any alleged physical ailments. The alleged hunger, dizziness, and headaches also did not prevent his religious exercise as Holt did not break his fast in 2023 or 2024. Providing fasting Muslims with less than 3,000 calories per day during Ramadan does not

significantly inhibit or meaningfully curtail Holt's opportunity to practice his religion.  See id. (defining substantial burden).

Alternatively, Holt references the custom during Ramadan of eating a "large, plentiful" meal at sunset so that fasting Muslims may eat until they are full.  But he does not profess that this custom is a religious practice.  As Holt explained, his sincerely held belief regarding eating during Ramadan derives from the following passage in the Qur'an: "eat and drink until the white thread of dawn appears, to you distinct from the black thread (of the night)."  The sincerely held belief is that Holt eats enough after sunset and before dawn to allow his mind and body to maintain the fast.

The Department provides fasting Muslims with at least 2,000 calories per day during Ramadan and serves the meals after sunset and before dawn.  The only evidence in the record establishes that these meals are adequate nutrition for a healthy male for a month.  Holt voluntarily foregoes one of these meals most of the time during Ramadan.  If Holt wants additional food with his post-sunset dinner, he can easily supplement with commissary food.  By failing to raise a genuine dispute of material fact on substantial burden, Holt did not meet his initial burden of proof under RLUIPA.  See Ramirez, 595 U.S. at 425 (the plaintiff bears the burden of establishing a substantial burden on his religious exercise).

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____